IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
April 9, 2013
Lyle W. Cayce
Clerk

No. 11-30936

HORNBECK OFFSHORE SERVICES, L.L.C.; BEE MAR - WORKER BEE, L.L.C.; NORTH AMERICAN FABRICATORS, L.L.C.; BEE MAR, L.L.C.; OFFSHORE SUPPORT SERVICES, L.L.C.; ET AL,

                 Plaintiffs-Appellees

v.

KENNETH SALAZAR, SECRETARY, DEPARTMENT OF INTERIOR, also known as Ken Salazar; UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT; MICHAEL R. BROMWICH, In His Official Capacity as Director, Bureau of Safety and Environmental Enforcement,

                 Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana

ON REQUEST FOR POLL ON REHEARING EN BANC
(Opinion November 27, 2012, 701 F.3d 810)

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

  The court having polled at the request of a member of the court (*see* Internal Operating Procedure accompanying 5TH CIR. R. 35, "Requesting a Poll on Court's Own Motion"), and a majority of the judges who are in regular active

service and not disqualified not having voted in favor (*see* FED. R. APP. P. 35(a) and 5TH CIR. R. 35.6), rehearing en banc is DENIED.

In the en banc poll, 5 judges voted in favor of rehearing (Judges Jones, Smith, Clement, Owen, and Elrod), and 9 judges voted against rehearing (Chief Judge Stewart and Judges King, Jolly, Davis, Dennis, Prado, Southwick, Haynes, and Graves).


ENTERED FOR THE COURT:

   /s/ Leslie H. Southwick
United States Circuit Judge


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


EDITH BROWN CLEMENT, Circuit Judge, joined by JONES, SMITH, and ELROD, Circuit Judges, dissenting from the denial of rehearing en banc.

The majority's revised opinion, which implements changes to the original opinion's language but not its conclusion, raises troubling questions regarding the extent of the Judiciary's contempt power. While the revisions temper the language originally used by the majority to describe the contempt power, they do little to remedy the opinion's inherent conflict with our circuit's precedent.

The language in the revised opinion runs counter to the authority and latitude we have previously granted district courts in finding a litigant in contempt. *See Test Masters Ed. Servs. v. Singh*, 428 F.3d 559, 582 (5th Cir.

2005) ("[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000))); *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988) (en banc) ("[T]he imposition or denial of sanctions of necessity involves a fact-intensive inquiry into the circumstances surrounding the activity [that is the subject of sanctions]. . . . The trial judge is in the best position to review the factual circumstances and render an informed judgment as he is intimately involved with the case, the litigants, and the attorneys on a daily basis.").

Significantly, the majority's revised opinion maintains its original tone, which suggests that a district court cannot find contempt from the totality of the circumstances. Although the majority asserts that the district court was at liberty to find the Government in contempt from the totality of the circumstances, it is nearly impossible to find a set of facts more suggestive of an intent to evade a court order, but still short of outright defiance of that order's explicit terms.

The majority avers that a district court has "flexibility in vindicating its authority against [the Government's] actions that, while not expressly prohibited, nonetheless violate the reasonably understood terms of that order." Revised Op. at 8. Unfortunately, the majority pays lip service to that idea while continuing to emphasize that each of the Government's actions, viewed individually, does not suffice to justify the district court's contempt order. Several passages within the revised opinion indicate that the majority reached its decision by presuming that a district court could not have found the Government in contempt absent an explicit violation of the injunction's terms.

One such passage reads:

> Taken together, the [Government's] comments to industry, to the Senate, and to the public support the district court's factual finding (the fact was hardly contested) that Interior was intent on reinstating a moratorium that imposed the same limitations as the May Directive from the moment the court enjoined it. *Neither* harboring that intent *nor* imposing a new moratorium, though, was a violation of the court order.

Revised Op. at 11 (emphasis added). In another section, the opinion notes that "[t]he court order did not explicitly prohibit a new, or even an identical moratorium." *Id.* at 12. Finally, the opinion concludes that "Interior's actions did not violate the injunction *as drafted* and reasonably interpreted. Therefore, there was no civil contempt." *Id.* at 13 (emphasis added).

The outcome reached by the majority is contrary to our precedent and potentially corrosive of judicial authority. In drafting an injunction, a district court "need not anticipate every action to be taken in response to [that] order, nor spell out in detail the means in which its order must be effectuated." *Am. Airlines*, 228 F.3d at 578 (citing *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 917 (5th Cir. 1996)). A litigant that does not violate the explicit terms of a court order can still be held accountable for engaging in "[a] program of experimentation with disobedience of the law" or "persistent contumacy" of the court's order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949). Such actions taken "solely for the purpose of evading a judgment" are precisely the type that we have previously recognized as constituting contempt. *NLRB v. Laborers' Int'l Union of N. Am.*, 882 F.2d 949,

954 (5th Cir. 1989) (citing *NLRB v. Deena Artware*, 361 U.S. 398, 414 (1960) (Frankfurter, J., concurring); *Parker v. United States*, 126 F.2d 370, 379–80 (1st Cir. 1942)). Unfortunately, the majority opinion does not reflect these principles.

Judge Elrod's dissent warns that a foreseeable extension of the majority opinion "may give incentive for litigants creatively to circumvent district court orders." Revised Dissent at 1. Such behavior is especially concerning when undertaken by the Government as a litigant. *See United States v. Smith*, 899 F.2d 564, 569 (6th Cir. 1990) ("[The district court's] concerns about preserving the judiciary from unwarranted encroachment by co-equal branches are firmly rooted in the Constitution and Supreme Court precedents. Under no circumstances should the Judiciary become the handmaiden of the Executive . . . . The Constitution commands that the judicial power of the United States must be reposed in an independent Judiciary, free from potential domination by other branches of government." (internal quotations and citations omitted)).

The majority's holding enervates the judicial contempt power by prohibiting a district court from finding contempt where a party technically abides by the terms of the court order but nonetheless acts for the purposes of evading that order. The problems in the majority's opinion are exacerbated by revisions that weaken its rationale and undermine the outcome. The district court's finding of contempt was amply supported by facts indicating that the Government acted solely to evade the court's injunction against enforcing the moratorium. That finding was well within our precedent providing the district court with the discretion to make such a determination. This error is important enough to be enbancworthy, and accordingly I respectfully dissent.